UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN ILER, et al.,

    Plaintiffs,

vs.

WELLS FARGO, N.A.,

    Defendant.

Case No. 1:19-cv-281

Cole, J.
Bowman, M.J.

**REPORT AND RECOMENDATION**

Plaintiffs brought suit for violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the Ohio Consumer Sales Practices Act ("CSPA"), and breach of the duty of good faith and fair dealing. This matter is before the Court upon Defendant's Federal Rules of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. 8). Plaintiffs filed a motion in opposition. (Doc. 9). Defendant then filed a reply in support of its motion to dismiss as well as a notice of supplemental authority. (Docs.10 and 11).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a corporation doing business in Ohio. (Doc. 1, ¶ 5. Plaintiffs Kevin and Nancy Iler ("the Ilers") owned property in Mason, Ohio ("Property"), which was "subject to a mortgage loan provided by Wells Fargo". *Id.* at ¶¶ 6-7. In 2008, Mrs. Iler was unemployed and Mr. Iler was the Vice President of Operations at a company that went out of business that fall. *Id.* at ¶¶ 9-10. As a result, Mr. Iler contacted Wells Fargo to discuss applying for Wells Fargo's Borrower Counseling Program to modify their mortgage and avoid foreclosure. *Id.* at ¶¶ 11-17.

For several months the Ilers remained in frequent contact with Wells Fargo to request updates on their loan and to submit additional documents as requested by Wells Fargo. *Id.* at ¶¶ 19-30. During this time period, the Ilers "refrained from pursuing alternative means of satisfying [their] mortgage obligations." *Id.* at ¶ 28. In January of 2009, Wells Fargo commenced foreclosure proceedings against the Property. *Id.* at ¶¶ 31. The Property was eventually sold for $490,000, which caused the Ilers to lose $107,000 equity in their home. *Id.* at ¶¶ 34-35.

During the foreclosure proceedings, Wells Fargo continued to seek information from the Ilers regarding their loan modification request. *Id.* at ¶¶ 32-33. As of April 2019, the Ilers had not received a final decision regarding the approval of their loan modification request. *Id.* at ¶ 37.

In 2018, the *Charlotte Observer* published an article which reported that Wells Fargo had experienced internal problems resulting in issues with the processing of loan modification requests.[1] *Id.* at ¶ 38. This alleged glitch occurred "around the same time as the Ilers' loan modification request." *Id.* After becoming aware of this article, the Ilers' retained counsel and sent a letter to Wells Fargo inquiring about the Ilers' application. *Id.* at ¶ 39. Despite an additional effort to contact Wells Fargo via email a few weeks later, Wells Fargo allegedly did not respond. *Id.* at ¶ 42.

Thereafter, Plaintiffs filed the instant action in April 2019 for violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the Ohio Consumer Sales Practices Act ("CSPA"), and breach of the duty of good faith and fair dealing. Defendant now moves to dismiss Plaintiffs' complaint.

---

[1] Though the complaint states that the internal error occurred at this time, the article says the error occurred between April 2010 and October 2015.

2

## II. Analysis

### A. Standard of Review

Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all well-pleaded factual allegations as true, but is not required to "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### B. Defendant' motion to dismiss is well-taken

Wells Fargo argues that it is not subject to the FDCPA because it is not a debt collector. Wells Fargo also argues that it is not subject to the CSPA because it is a financial institution. Furthermore, Wells Fargo argues that, even if the FDCPA or the CSPA did apply to this suit, the claims would still be time-barred. Finally, Wells Fargo argues that the submission of an application for a loan modification is not a contract. Plaintiffs contend however, that the CSPA applies to Wells Fargo because the loan modification process constitutes a consumer transaction, which is covered by the CSPA. Furthermore, the Ilers argue that the claims are not time-barred because they are subject to equitable tolling. Finally, the Ilers argue that the conduct between the parties created a contractual relationship. Plaintiffs' contentions are unavailing.

To state a claim under the FDCPA, a pleading must allege facts showing: (1) the plaintiff is a consumer; (2) the debt arises out of a transaction that is primarily for personal, family, or household purposes; (3) the defendant is a "debt collector" as defined by the FDCPA; and (4) the defendant violated the FDCPA. *Smith v. Nationstar Mortg., LLC*, 756

3

Fed. Appx. 532, 535-36 (6th Cir. 2018) (citing *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012)). "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors . . . or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *See Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996) (quoting *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985)). Here, because the Ilers' loan was not in default at the time of the alleged FDCPA violation, Wells Fargo would be considered a creditor and, therefore, not subject to the FDCPA.

Even if Wells Fargo is subject to the FDCPA, the statute of limitations, provided by the statute, bars this claim. The Ilers correctly note that a "motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Cataldo v. United States Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). "However, dismissal is warranted if the allegations in the complaint affirmatively show that the claim is time-barred." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (internal citations and quotations omitted).

The FDCPA provides that plaintiffs may bring a suit "within one year from the date on which the violation occurs." 15 U.S.C.A. § 1692k. The United States Supreme Court recently clarified that "the statute of limitations [for FDCPA claims] begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." *Rotkiske v. Klemm*, 140 S. Ct. 355, 357 (2019).

Here, the Ilers' complaint alleges that Wells Fargo failed to properly consider their loan modification requests and "deliberately misled" them to gain more information

regarding their finances. Doc. 1, ¶ 33. The Ilers were aware of these alleged violations in 2009. Therefore, the statute of limitations for this claim expired in 2010. The complaint at bar was filed in 2019, nine years past the statute of limitations period. The allegations in the Ilers' complaint affirmatively show that the FDCPA claim is time-barred.

Despite the one-year statute of limitations, the Ilers claim that equitable tolling should apply to this suit and prevent their FDCPA claim from being time-barred. "The doctrine of fraudulent concealment allows equitable tolling of the statute of limitations where 1) the defendant concealed the underlying conduct, 2) the plaintiff was prevented from discovering the cause of action by that concealment, and 3) the plaintiff exercised due diligence to discover the cause of action." *Fillinger v. Lerner Sampson & Rothfuss*, 624 Fed. Appx. 338, 341 (6th Cir. 2015) (quoting *Huntsman v. Perry Local Sch. Bd. of Educ.*, 379 Fed. Appx. 456, 461 (6th Cir. 2010)).

The Ilers' complaint fails the first element of this test. "A party must state with particularity the circumstances constituting" fraud. Fed.R.Civ.P. 9(b). Here, the Ilers merely suggest that Wells Fargo "us[ed] deceptive means to collect information about the Ilers . . . under the pretense of a Borrower Counseling Program" and that Wells Fargo "us[ed] unfair and unconscionable means to collect a debt . . . [by] deceiving the Ilers by convincing them that there was a bona fide Borrower Counseling Program when there is none." Doc. 1, ¶¶ 45-46. The Ilers have not shown that Wells Fargo took any action to conceal the error before the 2018 news article nor does the article itself mention any fraudulent conduct in relation to loan requests. Rather, the Ilers have merely stated legal conclusions framed as factual allegations.

Notably, the 2018 news article mentions that the internal error by Wells Fargo allegedly "affected customers in the foreclosure process between April 2010 and October 2015." Doc. 1, Ex. 8. The Ilers' issues with Wells Fargo occurred during 2008 and early 2009. (Doc. 1, ¶¶ 11-34). Therefore, the article, which the Ilers utilize for their fraud suspicion and equitable tolling arguments, is not applicable to the time period related to their claim.

For these reasons, Defendant's motion to dismiss Plaintiff's FDCPA claims is well-taken and should be granted.

### C. State Law Claims

Upon dismissal of the Ilers' federal claims, the Court should decline to exercise supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

In light of the foregoing, **IT IS RECOMMENDED THAT** Defendant's motion to dismiss (Doc. 8) be **GRANTED;** that this case be **CLOSED.**

                                           *s/ Stephanie K. Bowman*
                                           Stephanie K. Bowman
                                           United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

KEVIN ILER, et al.,                                   Case No. 1:19-cv-281

    Plaintiff,

                                                   Cole, J.
       vs.                                         Bowman, M.J.

WELLS FARGO, N.A.*,*

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).