UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN ILER, *et al.*,

    Plaintiffs,

v.

WELLS FARGO BANK N.A.

    Defendant.

Case No. 1:19-cv-281
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## ORDER

This cause comes before the Court on Plaintiffs' Objection (Doc. 16) to Magistrate Judge Bowman's May 29, 2020, Report and Recommendation ("R&R") (Doc. 13). The R&R recommends that the Court grant Wells Fargo's Motion to Dismiss (Doc. 8) because, among other things, Wells Fargo is not subject to the only federal statute cited in Plaintiffs' Complaint (Doc. 1). For the reasons stated more fully below, the Court **OVERRULES** Plaintiffs' Objection (Doc. 16) and **ADOPTS** Magistrate Judge Bowman's recommendation that this matter should be dismissed. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. 8) and **DIRECTS** the Clerk to **ENTER JUDGMENT** in Defendant's favor in accordance with this decision.

## BACKGROUND

Plaintiffs Kevin and Nancy Iler owned a property in Mason, Ohio that was subject to a loan provided by Defendant Wells Fargo Bank N.A. ("Wells Fargo"). (Doc. 1, Compl., #2). During the 2008 financial crisis, Kevin's employer went out of

business. (*Id.*). At that point, both Plaintiffs were unemployed and began to worry about defaulting on their mortgage. Kevin then contacted Wells Fargo to inquire about its Borrower Counseling Program to see if that program could assist them. (*Id.*). After receiving information from Wells Fargo, Kevin applied for that program, and then provided proof of income and an explanation of financial hardship at Wells Fargo's request. (*Id.* at #3). During September and October of 2008, Kevin spoke to various Wells Fargo representatives who told him not to make partial mortgage payments until the loan modification negotiations ended. Relying on these statements, Kevin "refrained from pursuing alternative means of satisfying his mortgage obligations such as borrowing money from friends and/or family." (*Id.* at #5). Even so, Wells Fargo sent Plaintiffs a letter in November regarding foreclosure and initiated foreclosure proceedings against Plaintiffs in January 2009. (*Id.* at #4–5). In the end, Wells Fargo approved the sale of the home for $490,000, which led to Plaintiffs losing $107,000 of equity in their home. (*Id.* at #6).

In 2018, the Charlotte Observer published an article reporting that Wells Fargo had erroneously rejected "numerous loan modification requests" during the financial crisis because of a "glitch" in its software system. (*Id.*). So Plaintiffs sent a letter to Wells Fargo in November 2018 asking if that glitch had negatively impacted their application for loan modification. (*Id.* at #7). Wells Fargo never responded. (*Id.*). In the end, Plaintiffs filed suit under the Fair Debt Collection Practices Act ("FDCPA"), Ohio common law, and the Ohio Consumer Sales Practices Act ("CSPA"). (*Id.* at #7–9).

## LEGAL ANALYSIS

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12cv748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)).

Before the Magistrate Judge, Wells Fargo moved to dismiss Plaintiffs' action under Fed. R. Civ. P. 12(b)(6). Under that rule, the Court construes all factual allegations in the complaint in the light most favorable to the Plaintiffs, accepts all well-pled factual allegations as true, and draws all reasonable inferences in their favor. *See Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018). For a claim to survive a motion to dismiss, "a complaint must provide 'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief.'" *Id.* at 580 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

But that short and plain statement must offer more than mere "labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). There must be "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). This means a complaint must contain "either direct or

3

inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quotation omitted). In sum, courts will dismiss an action under Rule 12(b)(6) where "there is no law to support the claims made." *Stew Farm, Ltd. v. Nat. Res. Conservation Serv.*, 967 F. Supp. 2d 1164, 1169 (S.D. Ohio 2013) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)). The same holds true where "the facts alleged are insufficient to state a claim." *Id.*

Plaintiffs cite one federal statute in their complaint: the FDCPA. (*See* Doc. 1, Compl., #1). That statute only applies to "debt collectors," a term that the FDCPA expressly defines. *Mellentine v. Ameriquest Mortg. Co.*, 515 F. App'x 419, 423 (6th Cir. 2013) ("Liability under the FDCPA can only attach to those who meet the statutory definition of a 'debt collector.'"); *see also* 15 U.S.C. § 1692a(6) (defining the term "debt collector"). And creditors do not constitute debt collectors under the FDCPA. *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors … or an assignee of a debt, as long as the debt was not in default at the time it was assigned.") (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).

Thus, in order to survive Wells Fargo's Motion to Dismiss regarding the FDCPA claim, Plaintiffs must plausibly allege that Wells Fargo acted as a debt collector—a term that as a general matter does not cover "creditors" themselves, but rather only those entities that collect debts on behalf of others (e.g., on behalf of

4

creditors). Magistrate Judge Bowman's R&R explains that Wells Fargo could not have been a debt collector because Plaintiffs' "loan was not in default at the time of the alleged FDCPA violation, [so] Wells Fargo would be considered a creditor, and, therefore, not subject to the FDCPA." (R&R, Doc. 13, #125). And, because Plaintiffs' FDCPA claim—the only federal claim in the complaint—contained that fatal flaw, the R&R also recommends that the Court decline to exercise supplemental jurisdiction over Plaintiffs' two remaining state law claims.

Plaintiffs' Objection raises several points—principally relating to the asserted Ohio CSPA claim—but fails even to address Magistrate Judge Bowman's finding that the FDCPA does not apply to Wells Fargo, let alone explain why that finding is incorrect. (*See generally* Doc. 16, Pls.' Objs. to Magistrate's R.&R.). And, although the Objection starts with a broad statement that Plaintiffs "object to the Report and Recommendation," (*id.* at #137), that general objection is insufficient to preserve the FDCPA issue. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *Crawford v. IC Sys.*, No. 17-230-DLB-CJS, 2019 WL 2372887, at *1 (E.D. Ky. Feb. 14, 2019) ("'The filing of [timely] objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.' Thus, a party's objections must be specific.") (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (alternation in original)).

5

Accordingly, Plaintiffs forfeited any challenge to the Magistrate Judge's finding in that regard. *See Andrews v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244 (6th Cir. 2018) ("Because [plaintiff] failed to pinpoint the magistrate judge's alleged errors, he has forfeited his arguments on appeal.").

What is more, even had Plaintiffs not forfeited the issue, the Court agrees with the R&R's conclusion that, as a straightforward matter of statutory interpretation, Wells Fargo could not have been a debt collector because it was a creditor during the relevant timeframe.[1] Thus, because (1) the Court agrees with the R&R's conclusion that Wells Fargo was not a debt collector, and (2) Plaintiffs failed to dispute that point in their Objection, the Court finds that the FDCPA does not apply to Wells Fargo (at least for the purposes of this case). That means Plaintiffs have no viable FDCPA claim.

This presents a separate jurisdictional issue. The FDCPA claim was Plaintiffs' sole federal claim. The two remaining claims—(1) a breach of good faith and fair dealing under Ohio common law; and (2) an Ohio CSPA violation—both arise under state law. (Doc. 1, Compl., #7–9). As the R&R recommends dismissal of the only federal claim, it also recommends that the Court dismiss these two remaining state law claims without prejudice for lack of subject-matter jurisdiction under 28 U.S.C. § 1367(c)(3). (R&R at #127).

---

[1] The R&R, along with the parties' briefing, also discusses whether Plaintiffs' complaint complied with the FDCPA's and the CSPA's statute of limitations. Because the Court rejects both claims on other independent grounds, it declines to address the timeliness of Plaintiffs' action.

6

Plaintiffs' Objection offers no argument to the contrary. Accordingly, just as with the FDCPA issue, Plaintiffs have forfeited any challenge to that jurisdictional determination. In any event, based on its own review, the Court once again agrees with the R&R that dismissal without prejudice of the state law claims is appropriate at this time. *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."); *see also* 28 U.S.C. § 1367(c)(3) (permitting district courts to "decline to exercise supplemental jurisdiction" when "the district court has dismissed all claims over which it has original jurisdiction").

## CONCLUSION

For these reasons, the Court **OVERRULES** Plaintiffs' Objection (Doc. 16), and **ADOPTS** the recommendation in Magistrate Judge Bowman's R&R (Doc. 13) to dismiss this action. Accordingly, the Court **GRANTS** Wells Fargo's Motion to Dismiss (Doc. 8), and thereby **DISMISSES** the FDCPA claim **WITH PREJUDICE**, and **DISMISSES** the remaining state law claims **WITHOUT PREJUDICE.** The Court further **DIRECTS** the Clerk to **ENTER JUDGMENT** in Wells Fargo's favor in accordance with this Order.

**SO ORDERED.**

November 18, 2020
**DATE**

DOUGLAS R. COLE
**UNITED STATES DISTRICT JUDGE**